UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT J. TARULLO,                        :
                                           :
                    Plaintiff,             :        CIVIL NO.:3:02CV644 (EBB)
                                           :
              V.                           :
                                           :
UNITED STATES DEPARTMENT OF                :
DEFENSE,                                   :
                                           :
                    Defendant.             :

MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION FOR SUMMARY
JUDGEMENT


        I.      BACKGROUND

        By letter dated September 22, 2001, Attorney Samuel Rizzitelli filed a

request on behalf of his client Vincent J. Tarullo. Attorney Rizzitelli requested "a copy of

any record containing information about Vincent J. Tarullo maintained at the Defense

Contract Audit Agency".  The request went on to detail that such information was to

include, but not be limited to, records related to alleged AWOL charges in his Official

Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel

Records Folder (371.2 file) and or Employee Medical File (EMF).  This request detailed

that it was to include any records in electronic form such as E-mails. The request said

that it was under the Privacy Act but should also be considered as made under the

Freedom of Information Act.  In addition the request also detailed that any of requested

information that was available under FOIA should also be provided.

        Attorney Rizzitelli's September 22, 2001 letter followed, by nine days a

similarly worded September 13, 2001, letter from Vincent J. Tarullo, the Plaintiff,  to the

Regional Human Resources Officer, Scott Shaw. Mr. Tarullo said he was "requesting copies of any derogatory information, including but not limited to alleged AWOL charges, in my Official Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel Records Folder (371.2 file) and/or Employee Medical File (EMF). Mr. Tarullo also requested complete copies of his Employee Performance Folder (EPF) and Employee Medical File (EMF).

_____The Regional Resources Manager, Robert Dietrich, who retired on July 3, 2004, concluded that the September 13th letter from Tarullo and the September 22nd letter from his attorney appeared to seek the same production. DCAA's response to attorney Rizzitelli on October 29, 2001, included a copy of the September 13th Tarullo request letter. In addressing the requests for material from Tarullo's OPF, DCAA responded that: "Mr.Tarullo's OPF was reviewed by an employee at the Defense Finance and Accounting Service, Human Resources Service Center, in Indianapolis, and there is no derogatory information in the folder."

_____Subsequently, on January 8, 2002 Attorney Rizzitelli appealed from the production made in the October 29th, 2001 response. That appeal was denied on March 1, 2002, when DCAA's Assistant Director of Resources, concluded after evaluation that "all existing records have been provided in their entirety and without redaction of any kind" and further, that Rizzitelli had failed to "provide any further details pertaining to the existence of additional records." On April 10, 2002, Vincent J. Tarullo, through his attorney Samuel Rizzitelli, brought suit in the United States District Court, District of Connecticut, seeking declaratory, injunctive, and equitable relief, for violation of the Freedom of Information and Privacy Acts.

_____Subsequent to the filing of the action, and in the spirit of cooperation in an attempt to settle the case, the Resources Manager conducted a further document review.  This effort occurred during April and May of 2002.  He searched for "cop[ies] of any records" . . ."maintained at your agency" and  "containing information about Vincent J. Tarullo."  Mr. Dietrich studied the examples that had been provided; i.e., "records related to alleged AWOL charges in his Official Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel Records Folder (371.2 file) and or Employee Medical File (EMF)."  These records files are part of DCAA's Privacy Act systems of records. Attorney Rizzitelli's request was made under the Privacy Act but also mentioned in a separate paragraph that it was also to be "considered" as made under FOIA and was addressed to the attention of FOIA/Privacy Act Officers.

_____It is believed that subsequently that Mr. Dietrich took the following steps:

a.   He requested that DFAS Indianapolis provide him with a complete and true copy of all folders maintained by them on Mr. Vincent Tarullo. DFAS Regional Service Center, Indianapolis, IN is the central repository for the Official Personnel Folders (OPF), Employee Performance Folders(EPF), and Medical Folders on all DCAA personnel. Upon information and belief on May 21, 2002, Mr. Dietrich was furnished with a complete copy of Tarullo's OPF and EPF.  It is the Government's understanding that there is no Medical Folder pertaining to Mr. Tarullo.

b. He asked the Regional Human Resources Division to review its files to determine if they possessed any responsive information.  Beyond the information obtained from DFAS Indianapolis, the only information in their custody was that

contained in a proposed notice of disciplinary action dated June 21, 2001.  This

proposed notice of disciplinary action was for a five-day suspension because of an

intentional disregard of authority, refusal to comply with orders, and AWOL for 16

hours.  It is the Government's  understanding that Mr. Tarullo had previously been

furnished a complete copy proposed notice.

    c.   He requested that our Regional EEO Manager provide him with all infor-

mation concerning any EEO complaints filed by Mr. Tarullo.   It is my understanding that

this search disclosed that there were several emails concerning the disposition of these

complaints that had not been provided.  These emails are considered part of the EEO

agency records and were provided to Government counsel for review.  Many of those

documents were identified as privileged and listed on the privilege logs.

    d.    He asked Mr. Tarullo's managers and supervisors in his Field Audit Office,

the Greater Connecticut Branch, Stratford, CT (now in Trumbull, CT), and the Regional

Audit Manager, to determine that all responsive documents were obtained.  This effort

produced a complete copy of Mr. Tarullo's field supervisory file, 371.2, along with a

number of emails that had escaped notice earlier when the Region interpreted

the request as only pertinent to "derogatory" information.

    e.   He made a similar request of both the Regional Director, Mr. Dzivak, who

retired December 1, 2003, and for any Emails or other documents may have been in

the Government's possession that referenced Mr. Tarullo and may contain substantive

information concerning him.  Several emails were produced relating to an earlier FOIA

request.

    f.  Since Mr. Tarullo is a Union Officer, Mr. Dietrich also asked DCAA's

Regional Labor Relations Officer to review its labor relations files to ascertain if there was any correspondence pertinent to this appeal. There were a number of routine pieces of correspondence and emails surrounding the processing of a grievance and ULP charges for which Mr. Tarullo was a party. This correspondence was initially determined to be unrelated to the contents of Attorney Rizzitelli's September 22, 2001 FOIA request. These documents have since been identified and either produced or identified and claimed as privileged on the privilege log. [Respondent's Third Amended Privilege Log is attached as an exhibit hereto.]

_____All of the documents that were uncovered during the Government's subsequent investigation, to which no privilege has been claimed, have been turned over to Plaintiff.

_____Since the Defendant's responses were taken in good faith in response to a confusing duplicative chronology of demands from both plaintiff and his counsel, and since the production to the present time has been complete, and since the failures, if any, were of such a *de minimas* nature as to argue form over substance, Defendant requests that its motion for summary judgement be granted. [Defendant does not, at this time, speculate as whether or not the confusion caused by the multiple seemingly innocuous and innocent submissions were in point of fact a deliberate attempt to confuse and obfuscate the Government into submitting an insufficient response].

      II.    <u>SUMMARY JUDGMENT</u>

_____Rule 56 of the Federal Rules of Civil Procedure provides that a summary judgment motion:

> shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c) (1999).  In determining whether summary judgment should issue, the facts and inferences must be viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  To meet this burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  Anderson, 477 U.S. at 257.

In the instant case, the Government has shown that due to the confusion caused by the multiple letters that its response was appropriate and fair under the circumstances. The Government has shouldered its burden and there are no genuine issues of material facts to be determined . As such, Defendant is entitled to judgment as a matter of law.

III.    STANDARD OF REVIEW

Courts review an agency's response to a FOIA or Privacy Act request de novo. Hopkins v. Dep't of Housing and Urban Development, 929 F.2d 81, 83 (2d Cir. 1991). To prevail on a motion for summary judgment in a FOIA case, the defendant ordinarily bears the burden of showing that its search was adequate and that any documents

withheld, or redactions made, fall within an exemption to the FOIA.

To carry their burden of showing that the exemptions asserted were properly claimed, the defendants may rely on declarations: "a district court in a FOIA case may grant summary judgment in favor of an agency on the basis of agency affidavits if they contain reasonable specificity . . . ." Grand Central Partnership v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999). Mandel v. U.S. Office of Personnel Management, 244 F. Supp. 2d 146 (E.D.N.Y. 2003) Declarations submitted by an agency are presumed to have been made in good faith. See Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). Finally, "if the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply." Wood v. F.B.I., 312 F. Supp 2d 328 (D.Ct. 2004)(Opinion per Arterton, J); Garcia v. Dep't of Justice, 181 F.Supp.2d 356, 366 (S.D.N.Y. 2002)(citing Carney, 19 F.3d at 812); Doolittle v. Department of Justice, 142 F. Supp 2d 281 (N.D.N.Y. 2001).

Defendant's actions were taken in good faith from the time that the confusing correspondence was received, up to and including its claim of privilege, and continue until the present. As such, summary judgment in favor of the defendant is warranted. No purpose is served by the continued litigation of the cause of action.

IV.    DOJ's Assertion of Exemption 5

FOIA Exemption 5 protects from disclosure: "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5). See Crooker v. Office of Pardon Attorney, 614 F2d 825 (2d Cir. 1980). The exemption is broad and

incorporates statutory privileges and privileges commonly recognized by case law, including the attorney-client privilege, the work-product privilege and the deliberative-process (or "executive") privilege.  See Grand Central Partnership Inc., 166 F.3d at 481; Hopkins, 929 F.2d at 84; United States v. Weber Aircraft Corp., 465 U.S. 792, 799-800 (1984).   An agency may withhold a document in its entirety under Exemption 5 if the agency determines that there are no non-exempt portions of the document that should be disclosed or if non-exempt factual observations in the document are inextricably intertwined with privileged material.  See Tigue v. Department of Justice, 312 F.3d 70, 82 (2d Cir. 2002); Hopkins, 929 F.2d at 85;  FTC v. Grolier Inc., 462 U.S. 19, 26 (1983). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it" Department of the Interior v. Klamath Water User's Protective Association, 532 U.S. 1,8 (2001).

The deliberative process privilege covers "documents reflecting advisory opinions recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated. Id at 8. (citations and internal quotations omitted). The work product privilege applies to "memoranda prepared by an attorney in contemplation of litigation." NLRB v. Sears, 421 U.S. 132, 154 (1975).

Defendant sent a copy of its third amended privilege log to Plaintiff on or about August 4, 2004. Since that date, Plaintiff has failed to compel the production of the documents there listed. Thus, it is not certain whether or not Plaintiff has conceded that

the claim of privilege is appropriately claimed. Defendant suggests that Plaintiff's failure to contest the claim of privilege to date, has waived his right to contest the various claims of privilege. Defendant contends that its claim of privilege, as to the documents so referenced in the privilege log, is appropriate and the motion for summary judgment should be granted.

V.    THE PRIVACY ACT DOES NOT AFFORD A MEANS TO DISCLOSE
         THE DOCUMENTS WITHHELD FROM PRODUCTION

          Section 552(d) of the Privacy Act governs an individual's access to his records contained in a system of information maintained by a governmental agency. Subsection (d)(5) contains the following exemption from the disclosure requirements:"nothing in this section shall allow an individual access to any information compiled in reasonable anticipation of a civil action or proceeding." 5 U.S.C. § 552a(d)(5). Kennedy v. Department of Justice, 2004 WL 2284691 (W.D.N.Y. 2004). See Varville v. Rubin, 1998 WL 681438 (D. Ct. 1998)(Opinion per Covello, J.). See also Nazimuddin v. I.R.S., 2001 WL 112274 (S.D. Texas 2001).

          Courts have interpreted Exemption (d)(5) in accordance with its plain language and have not read the requirements of the attorney-client work product doctrine into Exemption (d)(5). Varville v. Rubin, supra. Although the applicability of Exemption (d)(5) does not depend on whether or not the documents at issue were prepared by an attorney, a report prepared with the expectation that a civil action or proceeding would arise, falls within this exception. See Germossen v. Cox et al.,1999 WL 1021559 (S.D.N.Y. 1999); Rosenberg v. Meese, 622 F. Supp. 1451 (S.D.N.Y. 1985).

          The documents withheld, to which protection from the Privacy Act is applicable,

were compiled in reasonable anticipation of litigation with Plaintiff. Plaintiff is currently litigating the instant case with the Government ***and*** Tarullo v. Rumsfeld, Civ. No. 3:04CV01682 (RNC), District of Connecticut. The contemplation that litigation would be forthcoming was not illusory and as such, disclosure under the Privacy Act is not mandated.

WHEREFORE, the Defendants prays that its motion for summary judgement should be granted in all respects.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT.  06510
(203) 821-3700 (203) 773-5373
FEDERAL BAR # CT 01581
alan.soloway@usdoj.gob

_____

## CERTIFICATION OF SERVICE

_____I hereby certifiy that on the    of May, 2005, I caused a copy of the enclosed

memorandum to be sent by postage prepaid, first class mail to:

    Samuel M. Rizzitelli, Jr., Esq.
    26 Prindle Avenue
    Derby, Ct. 06418

    Paul Mitchell, Esq.
    Senior Assistant General Counsel
    Defense Contract Audit Agency
    8725 John Jay Kingman Road
    Suite 2135
    Ft. Belvoir, VA. 22060-6219

                         _____
                         Alan Marc Soloway    _____