UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT J. TARULLO
        PLAINTIFF,
V.                                  CIVIL DOCKET # : 3:02CV644 (EEB)

UNITED STATES DEPARTMENT OF
DEFENSE,
        DEFENDANT.                  JUNE 17, 2005

MEMORANDUM OF LAW IN OPPOSITION TO

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Vincent J. Tarullo, pursuant to Rule 56 of the Federal Rules of Civil Procedure, opposes the defendant's Motion for Summary Judgment that was filed on May 26, 2005. The Court should deny said motion for the reasons stated herein.

**Facts**

The plaintiff, Vincent J. Tarullo, has been an auditor working for the defendant, United States Department of Defense ("DOD"), at the DCAA Greater Connecticut Branch Office located at 550 Main Street, Stratford, Connecticut. In 2001, DOD began the process of constructively discharging plaintiff and had committed acts intended to cover up violations of federal law committed by defendant's managers and officers. By letter dated September 22, 2001, plaintiff, by and through counsel, submitted a Freedom of Information Act ("FOIA") and

1

Privacy Act ("PA") request to the DOD for: "Any record containing information about Vincent J. Tarullo maintained at your agency. Such information to include, but not be limited to records relating to alleged AWOL charges in his Official Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel Records Folder (371.2 file) and/or Employee Medical File (EMF). This request includes any records in electronic form such as e-mails."

By letter dated October 29, 2001, DOD acknowledged receipt of the request dated September 22, 2001, assigned a reference number of RCF-2 502.4 I-02-001-H/N and released 69 pages responsive to the request. By letter dated January 28, 2001, by and through counsel, plaintiff submitted an appeal from the October 29, 2001 response, explaining that all records containing information about plaintiff were not released pursuant to the request. By letter dated March 1, 2001, DOD acknowledged receipt of the appeal and denied plaintiff access to all additional documents. On April 10, 2002, plaintiff filed this action.

## **Legal Standards**

The Freedom of Information Act ("FOIA") adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies. *FLRA v. United States Dep't of Veterans Affairs*, 958 F.2d 503, 508 (2d Cir. 1992); *Donovan v. FBI*, 806 F.2d 55, 57-58 (2d Cir. 1986). Specifically, FOIA requires that "each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules . . . , shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (1994).

FOIA emphasizes a preference for the fullest possible agency disclosure of such information consistent with a responsible balancing of competing concerns included in nine categories of documents exempted from the Act's disclosure requirements. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 754-55 (1989). The policy of full disclosure of all information not exempted serves the need for citizens to know what their government is up to and, generally, where the information sought sheds light on an executive agency's performance of its official duties, full access to the information serves FOIA's purposes. *Id.* at 762.

> On complaint, the district court...has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo...to determine whether such records or any part thereof shall be withheld under any of the exemptions...and the burden is on the agency to sustain its action.

*Id.* at Footnote 6.

The Agency must sustain its burden through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions. *Summers v. Department of Justice*, 140 F. 3d 1077, 1080 (D.C. Cir. 1988); *Vaughn v. Rosen*, 484 F. 2d 820, 826-28 (D.C. Cir. 1973). Summary judgment may be granted on the basis of agency affidavits if they are (1) clear, specific, and reasonably detailed, (2) if they describe the withheld information in a factual and nonconclusory manner, and (3) if there is no contradictory evidence on the record or evidence of agency bad faith. *Hayden v. NSA*, 608 F. 2d 1381, 1387 (D.C. Cir.

1979). An agency fails to satisfy its burden of proof when its affidavits "are nothing more than conclusory and generalized allegations." *Kamman v. IRS*, 56 F. 3d 46, 49 (9th Cir. 1995).

To prevail in a FOIA action, the agency must also prove that it satisfied its duty to conduct a "reasonable search" for responsive records. *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983).

Under the Privacy Act ("PA"), 5 U.S.C.S. § 552a, an individual can sue whenever an agency refuses to comply with an individual's request for disclosure of information pertaining to him or her. 5 U.S.C.S. § 552a (g)(1). The court shall determine the matter *de novo* ... and the burden is on the agency to sustain its action. 5 U.S.C.S. § 552a (g)(3). The Privacy Act specifically authorizes (1) suits for damages with no requirement that the plaintiff first exhaust his administrative remedies, and (2) suits for injunctive relief where the agency fails to abide by the expedited review procedures mandated by the act. An action for damages under the Privacy Act may be brought in federal court "whenever any agency ... fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual". 5 U.S.C. § 552a(g)(1)(D). As this provision indicates, a person may sue when the agency's violation of the act has an "adverse effect" upon him; there is no need to wait until the agency completes its review of the claim. Thus, the exhaustion doctrine does not bar suits for damages under the Privacy Act. *Diederich v. Department of Army*, 878 F.2d 646, 647-648 (2d Cir. 1989), (citing *Accord Hubbard v. United States E.P.A. Administrator*, 257 U.S. App. D.C. 305, 809 F.2d 1, 4 (D.C.Cir. 1986); *Hewitt v. Grabicki*, 794 F.2d 1373, 1379 (9th Cir.

4

1986); *Nagel v. U.S. Department of Health, Education, and Welfare*, 233 U.S. App. D.C. 332, 725 F.2d 1438, 1441 n. 2 (D.C. Cir. 1984)).

## **Argument**

I.  The Defendant did not conduct a reasonable search in good faith.

The record indicates that the defendant did not conduct a reasonable search in a good faith attempt to produce the records that were requested by the plaintiff. The agency is under a duty to conduct a reasonable search for responsive records and must show that it made a good faith effort to conduct a search for the requested records using methods which can be reasonably expected to produce the information requested. *Oglesby*, 920 F.2d at 68; *Weisberg*, 705 F.2d at 1352. When the FOIA request asks for all agency records on a specific subject then the agency must pursue any "clear and certain" lead it cannot in good faith ignore. *Halpern v. Federal Bureau of Investigation*, 181 F. 3d 279, 283 (2d Cir. 1999) (quoting *Kowalczyk v. Department of Justice*, 73 F. 3d 386, 389 (D.C. Cir. 1996) ((quoting *Yeager v. DEA*, 678 F. 2d 315, 326 (D.C. Cir. 1982))). The question is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

The original FOIA/PA request asked for "Any record containing information about Vincent J. Tarullo maintained at your agency. Such information to include, but not be limited to records relating to alleged AWOL charges in his Official Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel Records Folder (371.2 file) and/or Employee Medical File (EMF). This request includes any records in electronic form such as e-mails."

5

(Declaration of Steven Hernandez, paragraph 2). The Deputy Regional Director, Steven Hernandez claimed that the now retired, Mr. Dietrich, took certain steps to search for responsive documents (Declaration of Steven Hernandez, paragraph 7).[1]

First, it should be noted that nowhere in his declaration does Steven Hernandez explain how he obtained any facts that he has declared. Federal Rule of Civil Procedure 56(e) provides that the affidavit must be based upon the personal knowledge of the affiant, must demonstrate the affiant's competency to testify as to matters stated, and must set forth only facts that would be admissible in evidence. Federal Rule of Civil Procedure 56(e). It is true that "an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); and there is no need for the agency to supply affidavits from each individual who participated in the actual search" *Carney v. United States Dep't of Justice*, 19 F.3d 807, 814 (2d Cir., 1994) (citing Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993); *SafeCard Services, Inc. v. SEC*, 288 U.S. App. D.C. 324 (D.C. Cir., 1991)).

However, the affidavit still must provide a proper foundation for the testimony. The affidavits that were found to comply with FRCP 56(e) in *Carney* indicated that the affiant supervised the actual FOIA request; personally supervised the request and reviewed the withheld documents; and was personally involved in the processing of the request. *Carney v. United States Dep't of Justice*, 19 F.3d 807, 813 (2d Cir., 1994). The Declaration of Steven Hernandez is devoid of any foundation of personal knowledge to satisfy the requirements of FRCP 56(e). He only declares "it is my understanding" but he never explains from where or how that understanding is conceived.

---

[1] This search was conducted <u>after</u> this action was filed and not during the agency's original process of the request. (Declaration of Steven Hernandez, paragraph 6)

6

Most importantly, the plaintiff has explained in detail that there are documents that were requested that were not produced or acknowledge to even exist in the defendant's privilege log (Declaration of Vincent J. Tarullo). The Declaration of Steven Hernandez does not describe the actual search of the DFAS Indianapolis center in any detail whatsoever. (Declaration of Steven Hernandez, paragraph 7a). He just declares that Mr. Dietrich requested information from the center. The description of the search is inadequate when it failed to describe in any detail what records were searched, by whom and through what process. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994). This deficiency is further evidence that the agency has failed to sustain its burden to conduct a reasonable search in good faith.

> "Where, as here, an agency fails to establish through sufficiently detailed affidavits that its search was reasonable, and the FOIA requester shows that the agency might have discovered a responsive document had the agency conducted a reasonable search, summary judgment should be denied. *See Weisberg v. Department of Justice*, 227 U.S. App. D.C. 253, 705 F.2d 1344, 1351 (D.C. Cir. 1983). While hypothetical assertions as to the existence of unproduced responsive documents are insufficient to create a dispute of material fact as to the reasonableness of the search, plaintiff here has identified an email from Sullivan to him dated May 24, 2000 regarding the Morganti Audit (Exhibit A) which appears to be responsive to the request he submitted as it is a document prepared in connection with the Morganti audit. *Cf. Ogrlesby*, 920 F.2d at 68 n.13; *Meeropol v. Meese*, 252 U.S. App. D.C. 381, 790 F.2d 942, 952-53 (D.C. Cir. 1986)."

*Tarullo v. United States DOD*, 170 F. Supp. 2d 271, 275 (D. Conn., 2001) (JBA).

As identified in documents cited by the plaintiff in his declaration, there are additional responsive documents and the defendant must pursue any "clear and certain" lead it cannot in good faith ignore. *Halpern, 181 F.3d* at 283. The defendant is simply trying to hide responsive documents. Thus, the Defendant is not entitled to summary judgment.

II.     <u>The defendant has not satisfied its burden of proof to withhold 55 documents.</u>

The Defendant has not proffered any facts whatsoever, by way of affidavit, declaration or otherwise, to satisfy its burden of proof that the withheld document is exempted by FOIA/PA. The Agency must sustain its burden through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions. *Summers v. Department of Justice*, 140 F. 3d 1077, 1080 (D.C. Cir. 1988); *Vaughn v. Rosen*, 484 F. 2d 820, 826-28 (D.C. Cir. 1973). Summary judgment may be granted on the basis of agency affidavits if they are (1) clear, specific, and reasonably detailed, (2) if they describe the withheld information in a factual and nonconclusory manner, and (3) if there is no contradictory evidence on the record or evidence of agency bad faith. *Hayden*, 608 F.2d at 1387. According to the defendant's motion for summary judgment, Exhibit B, the defendant has withheld 55 documents from disclosure. However, there is no evidence of record that supports such an action. A proper declaration that would satisfy the Vaughn index requirements must provide in sufficient detail specific facts that correlate the claimed exemption to the withheld document. *Church of Scientology, Int'l v. United States Dep't of Justice*, 30 F. 3d 230-35 (1st Cir. 1994). Summary judgment in favor of the defendant to withhold these 55 documents would be improper because there are no facts to support the application of any exclusion.

III. <u>The Court should conduct an *in camera* review because the Defendant did not sustain its burden through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemption.</u>

The agency can provide the withheld document to the Court for *in camera* review. *Brown v. Federal Bureau of Investigation*, 658 F2d 71, 74 (2d Cir. 1981). If upon review, the Court

discovers any additional documents referenced in the withheld document, summary judgment should be withheld until defendant releases these documents or demonstrates that they either are exempt from disclosure or cannot be located. *Katzman v. Freeh*, 926 F. Supp. 316, 320 (E.D. N.Y. 1996).

An *in camera* review of the document is appropriate where the record shows the reasons for withholding were vague or where the claims to withhold were too sweeping or where it might be possible that the agency had exempted whole documents simply because there was some exempt material in them. *Lead Industries Ass'n v. OSHA*, 610 F.2d 70, 88 (2d Cir. 1979). Therefore, even though an *in camera* review circumvents the adversarial system to the prejudice of the plaintiff, *Jones v. FBI*, 41 F.3d 238, 243 (6th Cir. 1994); *Keys v. United States Dep't of Justice*, 830 F. 2d 337, 349 (D.C. Cir. 1987), the Court should conduct such a review in this case because the agency has failed to satisfy its burden through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemption. As explained above, the defendant has not proffered any evidence to sustain withholding the 55 documents that it acknowledges exist.

IV.   Defendant's motion for summary judgment should be denied if the withheld documents contain reasonably segregable portions that must be released.

Under 5 U.S.C. § 552(b), "any reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt." The question remains whether any parts of the documents are "inextricably intertwined" with a claimed exemption. See generally, *EPA v. Mink*, 410 U.S. 73, 92; *Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 85 (2d Cir. 1979); see

also *Vaughn v. Rosen*, 157 U.S. App. D.C. 340, 484 F.2d 820, 827 (D.C. Cir. 1973) (requiring agency to supply detailed index that, among other things, separates disclosable from exempt material), *cert. denied*, 415 U.S. 977, 94 S. Ct. 1564, 39 L. Ed. 2d 873 (1974). Compare *Lead Indus.*, 610 F.2d at 88 (agency affidavits and Vaughn indices sufficient to support exemption) with *Reader's Digest Ass'n, Inc. v. FBI*, 524 F. Supp. 591, 594-95 (S.D.N.Y. 1981) (agency affidavits falling short of document-by-document review of the material inadequate to support agency's summary judgment motion).

The Defendant has not satisfied its burden of proof that parts of the withheld document can be released to the plaintiff. See generally, *Army Times Publishing Company v. Department of the Air Force*, 998 F. 2d 1067, 1070 (D.C. Cir. 1993)(emphasis added). Therefore, the withholding of these factual observations is not proper under FOIA.

V.     <u>The plaintiff has already substantially prevailed and is entitled to attorney's fees and costs.</u>

The defendant failed to conduct a reasonable search of responsive documents to the original FOIA/PA request and improperly withheld other responsive documents. After the plaintiff filed this federal action, the defendant conducted additional searches for responsive documents (Declaration of Steven Hernandez, paragraph 7); changed criteria used to withhold certain documents and abandoned certain claimed privileges to withhold other documents; and Judge Margolis conducted an in camera advisory review of withheld documents during settlement discussions.

To be eligible for a fee award, the plaintiff must "substantially prevail" within the meaning of 5 U.S.C. § 552 (a)(4)(E). The determination of whether the plaintiff has substantially prevailed is "largely a question of causation." *Weisberg*, 745 F.2d at 1496. The plaintiff must prove that prosecution of the suit was reasonably necessary to obtain the requested records and that a causal nexus existed between the suit and the agency's disclosure of the records. *Maynard*, 986 F. 2d at 568.

As previously stated in the summary of facts, the defendant originally released 69 documents during the administrative process. After this action was filed, in order to respond to this action: on four separate occasions, the defendant released a total of 891 additional responsive documents[2]. These additional releases of documents are a direct result of this action.

### Conclusion

It is not acceptable for the agency to continue to "milk" its responsibilities under the law during the course of this action. The plaintiff seeks the rest of the documents that the agency is still trying to retain. For the reasons set forth above, the Defendant's motion for summary judgment should be denied.

THE PLAINTIFF,

by: _____
Samuel M. Rizzitelli, Jr.
Attorney at Law
26 Prindle Avenue
Derby, CT. 06418
(203) 736-9800
Federal Bar #: CT20079

---

[2] Each time, the defendant claimed it did not have any more documents to release.

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing has been sent, via the mode indicated, this 17th day of June, 2005, to the following:

Alan Marc Soloway　　　　　　U.S. Mail, Postage Prepaid / Facsimile
Assistant U.S. Attorney
P.O. Box 1824
New Haven, CT. 06508
(203) 821-3700
(203) 773-5373
Federal Bar No. CT01581


THE PLAINTIFF,

by: _____
Samuel M. Rizzitelli, Jr.
Attorney at Law
26 Prindle Avenue
Derby, CT. 06418
(203) 736-9800
Federal Bar #: CT20079