DOVT
(Exhibits Attached
not scanned)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT J. TARULLO
        PLAINTIFF,                CIVIL DOCKET # : 3:02CV644 (EEB)

V.

UNITED STATES DEPARTMENT OF
DEFENSE,
        DEFENDANT.              JUNE 14, 2005


## DECLARATION OF VINCENT J. TARULLO

I, Vincent J. Tarullo, in support of the above captioned action, declare, to the best of my ability, the following to be a true and correct statement of facts:

1. I am a Technical Specialist for the Defense Contract Audit Agency (DCAA).

2. I am assigned to the DCAA Greater Connecticut Branch Office (GCBO) in Stratford, Connecticut.

3. In late 2000, DCAA management official(s) instigated a security investigation on me based on completely trumped up charges. I believe the purpose of this security investigation was to try and get me fired because I was a "Whistleblower".

4. In the August/September 2001 timeframe, Office of Personnel Management (OPM) conducted a security investigation in which two separate OPM investigators reviewed my Official Personnel File (OPF) at DFAS in Indianapolis, and my personnel file at the DCAA, GCBO (then) in Stratford, Connecticut.

1

5. In September 2001, I became aware that DCAA management official(s) might be falsifying records to be used against me. To protect me from falsified records, my attorney made a FOIA/Privacy Act request for the agency's records about me.

6. On February 8, 2002, after becoming aware that a report had been issued saying I had not cooperated with the security investigation (see Exhibits A, B and C), I requested a copy of the report that had been issued. From this report (see excerpts from this report – Exhibit D) I learned that records had indeed been falsified.

7. The OPM investigator who reviewed my OPF at DFAS in Indianapolis reported: "THERE IS NOTHING OF AN UNFAVORABLE NATURE IN HIS OFFICIAL PERSONNEL FOLDER OR IN HIS PERFORMANCE FOLDER. HE WAS RATED "EXCEEDS FULLY SUCCESSFUL" IN THE FOLLOWING RATING PERIODS: (1) 10/1/94 TO 3/31/95; (2) 4/1/95 TO 9/30/95; (THERE IS NO EVALUATION FOR THE PERIOD 9/95 TO 9/96); (3) 10/1/96 TO 9/30/97; (4) 10/1/97 TO 4/30/98; AND (5) 5/1/98 TO 4/30/99;" [Exhibit D, page 7].

8. The OPM investigator who reviewed my personnel file at the DCAA, GCBO (then) in Stratford, CT reported: "A PERFORMANCE EVALUATION FROM 9/95 FOR THE PREVIOUS YEAR WAS FOUND IN THE FILED. SUBJECT WAS RATED FULLY SUCCESSFUL EXCEPT IN ONE AREA. HIS MANAGEMENT AND ORGANIZATIONAL SKILL WAS RATED UNSATISFACTORY. IT SPECIFIED THAT, THE SUBJECT HAS NOT UPDATED HIS KNOWLEDGE ABOUT CHANGES AND COURT DECISIONS WHICH HAVE EFFECTED THE AUDIT PROCESS. IT ALSO CITED HIM FOR NOT WORKING WITHIN TIMEFRAMES AND PLANNING ACCORDINGLY. THE REVIEW ALSO EXPRESSED

UNSPECIFIED COMPLAINTS FROM UNNAMED TEAM MEMBERS, CUSTOMERS, AND MANAGEMENT STAFF. IT ALSO REFLECTED THE SUBJECT IGNORING PROBLEMS AND FAILING TO INTERVENE AS A SUPERVISOR SHOULD ON UNSPECIFIED PROBLEMS. FINALLY IT CITED THE SUBJECT FOR IGNORING RELATIONS, LACK OF COOPERATION AND RESPECT WITH MANAGEMENT, CUSTOMERS, SUBJECTS OF AUDITS AND TEAM MEMBERS. THEIR WAS NO SIGNATURES ON THE DOCUMENT. THE DOCUMENT REFLECTED A NOTATION THAT THE SUBJECT REFUSED TO ACCEPT A COPY OF THE DOCUMENT." [Exhibit D, pages 3 & 4].

9. When I received the report on my security investigation it was obvious just from reading the report DCAA management official(s) had falsified a performance appraisal and planted it in my personnel file in the office during the security investigation, and I reported this to Washington Security Officials in my May 7, 2003 statement (see excerpts from my statement -- Exhibit E).

10. As stated on page 18 of 25 of my May 7, 2003 statement, I was never presented with or received such a performance appraisal (Exhibit E).

11. In responding to my FOIA/Privacy Act request, the Agency has never produced either the real Performance Appraisals reviewed by the OPM Investigator who reviewed my OPF at DFAS in Indianapolis, or the falsified Performance Appraisal that was planted in my file at the DCAA, GCBO (then) in Stratford, Connecticut.

12. To my knowledge, Washington Security Officials never investigated, or referred the matter for investigation, of any DCAA Management official(s) involved in, or responsible for, this falsification of records.

13. To my knowledge, the DCAA Management official(s) responsible for this falsification of records is/are still managing audits at DCAA.

14. Although I can understand why the Agency would not want to produce either the real Performance Appraisals that I received, or the falsified records because it would be incriminating, I nevertheless believe the Agency's failure to produce these records is a clear violation of both the FOIA and Privacy Acts.

15. It is difficult, if not impossible, for an employee of an agency of the Department of Defense to protect himself from management official(s) who are willing to falsify records and try to use them to get the employee fired.

16. I did not file this suit to get information for use in any EEO case, as claimed by the defendant; it was filed to protect me from the possibility of falsified records that could be used against me. There was no need for me to use the FOIA/Privacy Act to obtain records for use in any EEO case because the EEO process includes ample opportunity to obtain records, including, but not limited to, an official independent investigation and complete discovery.

17. I pray for relief from the court, and request that the court find the Agency has not complied with FOIA/Privacy Acts.

18. END OF STATEMENT

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

June 14, 2005

_____, C.P.A., C.I.A.
Vincent J. Tarullo, C.P.A., C.I.A.