```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
VINCENT J. TARULLO              :
                                :
          v.                    :    NO. 3:02CV644(EBB)
                                :
UNITED STATES DEPARTMENT        :
OF DEFENSE                      :
```

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

     Plaintiff Vincent J. Tarullo ["Plaintiff"] commenced this action against defendant United States Department of Defense ["Defendant"] in which Complaint Plaintiff seeks declaratory, injunctive and equitable relief against Defendant for improperly withholding agency records in violation of the Freedom of Information Act, 5 U.S.C § 522, as amended ["FOIA"], and the Privacy Act, 5 U.S.C § 552a, as amended ["Privacy Act"]. (Doc. No. 1).

     On June 21, 2005 Defendant filed a Motion for Summary Judgment, brief and Local Rule 56(a)1 Statement in support. (Docs. Nos. 25-27). Plaintiff filed his brief in opposition, affidavit and Local Rule 56(a)2 Statement on June 17, 2005. (Docs. Nos. 28-30). On March 29, 2006, Defendant's Motion for Summary Judgment was granted in part and denied in part by this Court. (Doc. No. 31). In the Order, this Court concluded that the agency affidavit was conclusory and did not constitute an itemized and indexed justification for non-disclosure with adequate specificity with respect to fifty-three documents. Defendant's Motion was denied only for the narrow issue of an <u>in camera</u> review of the contents of

the fifty-three documents in question.

When it is not "clear from the records that [Defendant] has not exempted whole documents merely because they contained some exempt material," and the records are vague or too broad in their non-disclosure, it is appropriate for this Court to conduct an <u>in camera</u> examination. <u>Brown v. Federal Bureau of Investigation</u>, 658 F.2d 71, 74 (2d Cir. 1981)(citations omitted).

Defendant claims that the documents Plaintiff seeks are privileged as they were prepared in anticipation of litigation and are therefore exempt from disclosure. Defendant directs this Court's attention to Exemption 5 of FOIA, codified at 5 U.S.C. § 552(b)(5). Pursuant to 5 U.S.C. § 552(b)(5), "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are exempted from disclosure. Two conditions must be met to qualify for this exemption: (1) a document's "source must be a Government agency, and" (2) "it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." <u>Department of the Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 8 (2001).

This Court has performed an <u>in camera</u> review of the documents in question. Based on its review, of the fifty-three documents, only six are not exempted from disclosure. The documents that

2

Plaintiff seeks all have been prepared in anticipation of litigation or are work product and are thus protected by the attorney-client privilege, which is within the ambit of Exemption 5. See National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132, 154 (1975).

The six documents that are not exempt are not privileged because Plaintiff has either received a copy of them already or the originals are in Plaintiff's possession.  The documents that are not privileged and hence, not exempt from disclosure, are as follows:

(1) Document No. 23, December 1, 1999, 3:41 p.m. e-mail, which was sent to Plaintiff;

(2) Document No. 27, May 24, 2001, 1:10 a.m. e-mail, which was sent to Plaintiff;

(3) Document No. 29, June 29, 2001, 5:13 p.m. e-mail, which was sent by Plaintiff;

(4) Document No. 32, November 16, 1999, 8:19 a.m. e-mail, a copy of which was sent to Plaintiff;

(5) Document No. 33, November 16, 1999, 8:19 a.m. e-mail, which was sent to Plaintiff; and

(6) Document No. 34, November 24, 1999, 8:07 a.m. e-mail, which was sent to Plaintiff; November 24, 1999, 11:33 a.m. e-mail, which was sent to Plaintiff; November 24, 1999, 8:41 a.m. e-mail, which was sent to Plaintiff.

CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment is hereby granted in part and denied in part. The only documents not privileged are those of which Plaintiff has the original document or already has received a copy. The Motion is denied only insofar as Plaintiff is entitled to copy and inspect the six documents listed above. Defendant shall make available to Plaintiff the six documents at a date and time convenient to the parties, but at any event on or before July 10, 2006. Defendant's production of documents will provide Plaintiff with all the relief to which he is entitled in this action. On July 11, 2006, therefore, the clerk's office is directed to close this file.

SO ORDERED.

_____

ELLEN BREE BURNS, SENIOR JUDGE

UNITED STATES DISTRICT COURT

Dated at New Haven, Connecticut this \_\_ day of June, 2006.