UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT J. TARULLO<br>Plaintiff,<br>v. | : | CIVIL DOCKET #3:02CV644 (EBB) |
| UNITED STATES DEPARTMENT OF DEFENSE,<br>Defendant. | : | July 5, 2006 |

MEMORANDUM IN SUPPORT OF ATTORNEY'S FEES

In the instant motion before this Court, having received a final judgment by the District Court, the Plaintiff respectfully moves for an award of attorney's fees pursuant to Rule 9 (f) of the Local Rules of Civil Procedure as the "prevailing party" under The Privacy Act, 5 U.S.C. § 552a ("PA") and The Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Plaintiff seeks an attorney's fees award in the total amount of $14,375.00 and costs in the amount of $163.56.

I. Statement of Facts

The plaintiff, Vincent J. Tarullo, has been an auditor working for the defendant, United States Department of Defense ("DOD"), at the DCAA Greater Connecticut Branch Office located at 550 Main Street, Stratford, Connecticut. In 2001, DOD began the process of constructively discharging plaintiff and had committed acts intended to

cover up violations of federal law committed by defendant's managers and officers. By letter dated September 22, 2001, plaintiff, by and through counsel, submitted a Freedom of Information Act ("FOIA") and Privacy Act ("PA") request to the DOD for: "Any record containing information about Vincent J. Tarullo maintained at your agency. Such information to include, but not be limited to records relating to alleged AWOL charges in his Official Personnel Folder (OPF), Employee Performance Folder (EPF), Supervisory Personnel Records Folder (371.2 file) and/or Employee Medical File (EMF). This request includes any records in electronic form such as e-mails."

By letter dated October 29, 2001, DOD acknowledged receipt of the request dated September 22, 2001, assigned a reference number of RCF-2 502.4 I-02-001-H/N and released 69 pages responsive to the request. By letter dated January 28, 2002, by and through counsel, plaintiff submitted an appeal from the October 29, 2001 response, explaining that all records containing information about plaintiff were not released pursuant to the request. By letter dated March 1, 2002, DOD acknowledged receipt of the appeal and denied plaintiff access to all additional documents. On April 10, 2002, plaintiff filed this action.

In response to this action, during April and May of 2002, the defendant conducted a search for responsive documents. *Declaration of Steven Hernandez, May 25, 2005, paragraph 6.* As a result of this search, defendant produced 753 additional responsive documents. *Affidavit of Attorney Samuel M. Rizzitelli, Jr.* The Court ordered this action to a settlement conference with Magistrate Judge Margolis; and on

November 19, 2002, the parties met with Judge Margolis accordingly. As a result of such Court order, on February 5, 2003, defendant produced 105 additional responsive documents. *Affidavit of Attorney Samuel M. Rizzitelli, Jr.* Again, on July 14, 2004, by Court order, the parties met again with Judge Margolis. As a result of the same, on August 3, 2004, defendant produced 17 additional responsive documents; and on September 22, 2004, defendant produced 10 additional responsive documents. *Affidavit of Attorney Samuel M. Rizzitelli, Jr.*

Finally, on June 22, 2006, the Court ordered the production of 6 additional responsive documents, when it entered final judgment in this matter. *Tarullo v. Department of Defense, Docket No. 3:02CV644 (EBB), Judgment [Doc. #33], (June 22, 2006).* As a direct result of this action and as a direct result of the Court's orders, defendant produced a total of 138 additional documents responsive to plaintiff's original PA/FOIA request.

<u>II. The plaintiff "substantially prevailed" and is entitled to attorney's fees.</u>

The plaintiff has substantially prevailed in this case and is entitled to attorney's fees and costs. Even though plaintiff brought this action under both FOIA and the Privacy Act, generally, the substantially prevailing standard for FOIA cases is applied to Privacy Act cases. *See Barrett v. U.S. Customs Serv., 651 F.2d 1087, 1088 (5th Cir. 1981), cert denied, 455 U.S. 950 (1982).*

The Privacy Act provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [PA] in which the complainant has substantially prevailed."" *5 U.S.C. § 552a (g)(2)(B).* FOIA provides that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the complainant has substantially prevailed."" *5 U.S.C. § 552(a)(4)(E) (2000). Union of Needletrades, Indus. & Textile Emples. v. INS, 336 F.3d 200, 203 (2d Cir. 2003).* The Second Circuit Court of Appeals reviewed the U.S. Supreme Court's rationale in *Buckhannon Board & Care Home, Inc. V. West Virginia Dept. Of Health & Human Resources, 532 U.S. 598 at 603 (2001)*: "the Court noted that "prevailing party" was defined as "[a] party in whose favor a judgment is rendered, **regardless of the amount of damages awarded** . . . -- Also termed successful party." Id. (citing Black's Law Dictionary 1145 (7th ed. 1999))." *Union of Needletrades, 336 F.3d at 204 (Emphasis added).*

The defendant failed, originally, to conduct a reasonable search for responsive documents to the plaintiff's PA/FOIA request; and only released 69 documents to the plaintiff during the administrative process. After this action commenced, the defendant conducted a search that resulted in the production of documents responsive to the FOIA request. *Declaration of Steven Hernandez, May 25, 2005, paragraph 6.* As a direct result of this action and as a direct result of the Court's orders, defendant produced a

total of 138 additional documents responsive to plaintiff's original PA/FOIA request. *Affidavit of Samuel M. Rizzitelli, Jr.*

In this case, the Court ordered settlement conferences which produced documents; and more importantly, the Court ordered the production of 6 documents on June 21, 2006. The Court's actions created a judicially sanctioned change in the parties relationship. *Union of Needletrades 336 F.3d at 208 (citing N.Y. State Fed'n of Taxi Drivers v. Westchester County Taxi & Limousine Commission, 272 F.3d 154, 158-59 (2d Cir. 2001)).* Unlike the plaintiff in *Union of Needletrades*, who did not receive any intervention from the court at all, the parties here complied with the Court ordered settlement conferences and plaintiff received Court granted relief on the merits which qualifies it as a substantially prevailing party. *Union of Needletrades, 336 F.3d at 206.* Therefore, the plaintiff substantially prevailed and is entitled to attorney's fees and costs.

Even if a plaintiff satisfies the eligibility test, a court still must exercise its equitable discretion in separately determining whether that plaintiff is entitled to an award. This discretion is ordinarily guided by four traditional criteria (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding had a reasonable basis in law. *Tax Analysts v. United States Department of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992).*

The first prong of the test above does not have bearing on a Privacy Act claim because of the differing aims of the two laws. In a Privacy Act claim, the plaintiff seeks to protect and vindicate an individual interest of personal privacy and sometimes to prevent disclosure to the public. *Blazy v. Tenet, 194 F.3d 90, 96-97 (D.C. Cir. 1999).* If the Court disagrees, a public benefit is had by furthering the purpose of FOIA/PA by encouraging federal agencies faced with such requests to properly respond. *Tarullo v. United States DOD, 170 F. Supp. 2d 271, Ruling on Attorney's Fees [doc #31, page 4] (D. Conn., 2001) (JBA). Also See Generally, Landano v. United States Dep't of Justice, 873 F. Supp. 884, 892 (D.N.J. 1004).*

As for the second prong, the record shows that there is absolutely no commercial benefit to plaintiff here. Third, the nature of the plaintiff's interest is exactly consistent with the purpose of the Privacy Act which provides for attorney's fees when the plaintiff substantially prevails. *5 U.S.C. § 552a (g)(1)(D), (2)(B).*

Lastly, the information that was produced was not reasonably withheld because it was released only after the Court required it to comply with settlement conferences and a final court order to release additional responsive documents. As determined by the Court, there was no legal basis in the applicable statutes to withhold the documents that have finally been produced. Therefore, the Court should find that the defendant did not have any reasonable basis to withhold the same.

III. Conclusion

For all the foregoing reasons, the Plaintiff requests that this Court award the Plaintiff attorney's fees and court costs.

THE PLAINTIFF,

by: ______________________

Samuel M. Rizzitelli, Jr.
Attorney at Law
26 Prindle Avenue
Derby, CT. 06418
(203) 736-9800
Federal Bar #: CT20079

CERTIFICATION OF SERVICE

I hereby certify that a copy of the wtihin and foregoing has been mailed, postage prepaid, this 5th day of July, 2006 to:

Alan Soloway, Assistant U.S. Attorney
157 Church Street
P.O. Box 1824
New Haven Connecticut 06510

Respectfully Submitted,

Samuel M. Rizzitelli, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Settlement Conference Calendar

Honorable Joan G. Margolis, U. S. Magistrate Judge
141 Church St.
New Haven
Chambers Room 303

November 19, 2002

9:30 A.M.

PARTIES MUST BE AVAILABLE BY TELEPHONE IF THEY ARE UNABLE TO ATTEND THE CONFERENCE

3-02-cv-644 (EBB) Tarullo v Defense

---

COUNSEL OF RECORD:

| | |
|---|---|
| Samuel M. Rizzitelli Jr. | 26 Prindle Ave., Derby, CT 203-736-9800 |
| Alan M. Soloway | U.S. Attorney's Office, 157 Church St., PO Box 1824 23rd Floor, New Haven, CT 203-821-3700 |

BY ORDER OF THE COURT
KEVIN F. ROWE, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Rescheduled Settlement Conference Calendar

Honorable Joan G. Margolis, U. S. Magistrate Judge
141 Church Street
New Haven
Chambers Room 303

July 14, 2004

10:00 A.M.

PARTIES MUST BE AVAILABLE BY TELEPHONE IF THEY ARE UNABLE TO ATTEND THE CONFERENCE

CASE NO. **3:02CV644** (EBB) **Tarullo v. Dept. of Defense**

| | |
|---|---|
| Samuel M. Rizzitelli, Jr.<br>26 Prindle Ave.<br>Derby, CT 06418<br>203-736-9800 | Vincent J. Tarullo |
| Alan M. Soloway<br>U.S. Attorney's Office-NH<br>157 Church St., 23rd floor<br>PO Box 1824<br>New Haven, CT 06510<br>203-821-3700<br>203-773-5373 (fax)<br>Alan.Soloway@usdoj.gov | USA |

BY ORDER OF THE COURT
KEVIN F. ROWE, CLERK

31

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 11 1 00 PM '02
NEW HAVEN, CONN.

Vincent TARULLO :
:
v. : No. 3:00cv2462 (JBA) MBS
:
UNITED STATES DEPARTMENT :
OF DEFENSE :

RULING ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES [# 27]

Plaintiff Vincent Tarullo seeks attorneys' fees in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case, arguing that he "substantially prevailed" despite the fact that the Court granted defendant's renewed motion for summary judgment on May 9, 2002.

FOIA provides that "[t]he court may assess against the United States reasonable attorneys fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E). As the Second Circuit has noted, plaintiff need not obtain a judgment in his favor to be entitled to attorneys fees under FOIA. "Congress clearly did not mean that where an FOIA suit had gone to trial and developments made it apparent that the judge was about to rule for the plaintiff, the Government could abort any award of attorney fees by an eleventh hour tender of the information requested." <u>Vermont Low Income Advocacy Council, Inc. v. Usery</u>, 546 F.2d 509, 513 (2d Cir. 1976). However, "to obtain an award of attorney fees in an FOIA action, a plaintiff

must show at minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on the delivery of the information." Id.

Plaintiff here has met this standard. While the Court ruled that defendant had properly withheld one responsive document, the Court concluded that the affidavits submitted by defendant were inadequate to support the conclusion that a search reasonably calculated to retrieve all relevant documents, and denied the motion for summary judgment in part. Defendants then, faced with a ruling that their original search was inadequate, conducted a second search that resulted in the production of responsive documents. Without the prosecution of this action and the original ruling on summary judgment, the second search would not have occurred and those documents would not have been turned over to plaintiff. Defendants had taken the position that their original search was adequate, and clearly, without the Court's ruling, no additional investigation would have been conducted. Accordingly, the Court finds that the prosecution of this action and the subsequent ruling on summary judgment against the Department of Defense, Defense Contract Audit Agency caused it to turn over the additional documents released in this litigation.[1]

---

[1]The phrase "substantially prevails" used in FOIA's fee shifting provision arguably differs from "prevailing party" as used in, inter alia, the Fair Housing Act and the Americans with Disabilities Act, which was recently held by the Supreme Court to

As plaintiff notes, even where a plaintiff substantially prevails, attorneys' fees and costs are awarded only where "it would promote the purpose of the FOIA to encourage the dissemination of information that benefits the public and discourages agencies form withholding valuable information." Muffoletto v. Sessions, 760 F.Supp. 268, 276 (E.D.N.Y. 1991) (citing LaSalle Extension Univ. v. Federal Trade Comm'n, 627 F.2d 481, 484 (D.C. Cir. 1980); Alliance for Responsible CFC Policy, Inc. v. Costle, 631 F.Supp. 1469, 1470 (D.D.C. 1986)). This question has been formulated as a four factor inquiry: "(1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's interest; and (4) the reasonableness of the agency's withholding." Weisberg v. United States Dep't of Justice, 745

---

permit recovery of attorneys' fees only where there has been "a judicially sanctioned change in the legal relationship of the parties." Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 605 (2001). Although at least one district court within this circuit has held that after Buckhannon, a party cannot "substantially prevail" without some award of relief from the court, see Union of Needletrade, Industrial & Textile Employees v. United States Immigration and Naturalization Serv., 202 F. Supp. 2d 265 (S.D.N.Y. 2002), here, the government does not argue that Buckhannon forecloses the relief sought. Significantly, it was only after the Court denied defendant's motion for summary judgment, holding that the original search had not been shown to be reasonably calculated to lead to production of all relevant non-privileged documents, that defendant sought permission to move for reconsideration after conducting another search that resulted in the discovery of responsive documents. Accordingly, the favorable result here could be said to be the result of a judicial order, rather than by purely voluntary conduct by defendant.

F.2d 1476, 1498 (D.C. Cir. 1984); accord Detroit Free Press, Inc. v. United States Dep't of Justice, 73 F.3d 93, 98 (6th Cir. 1996); Aviation Data Serv. v. FAA, 687 F.2d 1319, 1321 (10th Cir. 1982).

Applying these factors here, the Court concludes that the benefit of the release of these particular documents found in the search to the public contributes only minimally to "the public's awareness of the Defendant's ability and willingness to scrutinize itself as a Federal Agency . . . ." Pl. Fee Pet. at 4. On the other hand, no commercial benefit to plaintiff is apparent from the documents obtained, and the retained documents have not been shown to be of more than minimal value to plaintiff (particularly where he was unable to obtain the one substantive investigative memorandum he sought). Finally, in light of the unreasonableness of the original search and the ease with which these responsive documents were eventually discovered, there is no claim of reasonable withholding of the released documents. On balance, the factors support an award of attorneys' fees, because requiring defendant to conduct the additional search itself contributes to the purposes of FOIA by encouraging federal agencies facing FOIA requests to properly respond to those requests.

Plaintiff's motion for attorneys' fees is therefore GRANTED as to those fees incurred prior to the ruling on the first motion for summary judgment, in the amount of $4,950.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 10th day of July, 2002.

32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 12 2 13 PM '02
U.S. DISTRICT COURT
NEW HAVEN, CONN.

VINCENT TARULLO

Vs. CIVIL NO: 3:00CV2462 JBA

UNITED STATES DEPARTMENT
OF DEFENSE

**SUPPLEMENTAL JUDGMENT ON ATTORNEY'S FEES**

This cause come on for consideration on the plaintiff's motion for attorney's fees under the Freedom of Information Act, before the Honorable Janet Bond Arterton, United States District Judge.

The Court having considered the full record of this matter filed a ruling awarding attorneys' fees in the amount of $4,950.00 on July 11, 2002.

Therefore, it is hereby ORDERED that plaintiff's counsel shall be awarded attorney's fees in the amount of $4,950.00.

Dated at New Haven, Connecticut this 12th day of July, 2002.

KEVIN F. ROWE, Clerk

By Betty J. Torday
Deputy Clerk

EOD 7/12/02