UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT J. TARULLO, | : |
|     Plaintiff, | : CIVIL DOCKET #. 3:02CV644 (EBB) |
| v. | : |
| UNITED STATES DEPARTMENT OF DEFENSE, | : |
|     Defendant. | : JULY 24, 2006 |

DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Defendant, the Unites States Department of Defense, respectfully submits the instant Reply Memorandum to Plaintiff Vincent J. Tarullo's Motion for Attorney's Fees. For the reasons set forth below, the Court should deny Plaintiff's motion because Plaintiff is not a substantially prevailing party under The Privacy Act, 5 U.S.C. § 552a(g)(2)(B) or The Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) (FOIA).[1]

I. Statement of Facts

The Plaintiff, Vincent J. Tarullo, is a technical specialist for the Defense Contract Audit Agency (DCAA), a department of the Defendant United States Department of Defense (DOD). On or about September 22, 2001, Tarullo requested copies of any records maintained at the

---

[1] The statutes contain identical language which provide that: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this [paragraph/section] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E); 5 U.S.C. § 552a(g)(2)(B).

DCAA that contained information about him.. On October 29, 2001, the DCAA released sixty-nine pages that were responsive to Tarullo's request. In January 2002, Tarullo's attorney appealed the October 29, 2001, response on the grounds that all records pertaining to Tarullo were not released. After the DOD denied Tarullo's appeal, he filed this case in District Court seeking relief under FOIA and the Privacy Act on April 10, 2002. On June 5, 2002, Defendant served Plaintiff with its First Amended List Of Privileged Documents. In early August 2002, Defendant, in an effort to speed possible discovery and not in reaction to any Court order to do so, produced approximately 580 pages of documents that might have been considered relevant to the requests for documentation. On September 19, 2002, Defendant served its First Amended List Of Privileged Documents. [The only practical difference between the two privilege logs was that the second log stated the basis for the claimed privilege.]. In August of 2004, Defendant submitted another amended list of privileged documents and agreed to provide the privileged documents *in camera* to Magistrate Judge Joan G. Margolis in an effort to facilitate settlement discussions.

After the DOD filed for Summary Judgement in the matter on June 21, 2005, this Court, on March 29, 2006, partially granted and partially denied the DOD's motion. *Tarullo v. Dep't of Defense, Docket No. 3:02CV644 (EBB), Judgment [Doc. #31] (March 29, 2006)*. In that decision the Court ultimately found that an *in camera* examination of fifty-three documents was necessary in order to assess the validity of the disclosure exemptions claimed by the government. *Id.* In short, the "Defendant's Motion was denied only for the narrow issue of an *in camera* review of the contents of the fifty-three documents in question." *Tarullo v. Dep't of Defense, Docket No. 3:02CV644 (EBB), Judgment [Doc. #33] (June 22, 2006)*. After an *in camera*

inspection of the documents, the court ruled that only six of the fifty-three documents were not privileged because the "Plaintiff has either received a copy of them already or the originals are already in Plaintiff's possession." *Id.* Thus, the only result of this Court's June 22, 2006, order was the turning over of documents Tarullo *already had*. In summary, as a result of bringing his action, Tarullo received only a portion of the requested record, all of which were voluntarily provided to him by the DOD.

## II. The Plaintiff is not a Substantially Prevailing Party under the Privacy Act or FOIA

The Plaintiff is not eligible to recover an award of attorney's fees and costs under FOIA or the Privacy Act because he has not "substantially prevailed", as is required under the statutes. 5 U.S.C. § 552(a)(4)(E); 5 U.S.C. § 552a(g)(2)(B). In the present case, the District Court ultimately decided in favor of the Defendant on the merits by granting in part it's motion for summary judgment, and then, following *in camera* review, only ordered the Defendant turn over a small number of records the Plaintiff had already seen or had in his possession. Therefore, even though the Plaintiff received some documents from the Defendant as a result of his lawsuit, there is no legitimate basis for the Plaintiff to argue that he won on the merits.

### *1. The Court's Determination of Prevailing Party under the Privacy Act and FOIA is Governed by Buckhannon and Needletrades.*

Under the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Deptartment of Health & Human Rest*, 532 U.S. 598 (2001)[2], and the Second Circuit's

---

[2]In *Buckhannon*, the Supreme Court spoke broadly with regard to fee-shifting statutes, and while the fee requests before the Court arose under provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990 authorizing the award of attorneys' fees to a "prevailing party," the Court observed that "numerous federal statutes" similarly authorized fee awards and that it has "interpreted these fee-shifting provisions consistently." *Buckhannon*, 532 U.S. at 600, 603 n.4 (*citing Hensley v. Eckerhart*, 461 U.S. 424,

decision in *Union of Needletrades, Industrial and Textile Employees v. INS*, 336 F.3d 200 (2d Cir. 2003), the Plaintiff is not a prevailing party. In *Buckhannon*, the Supreme Court held that a plaintiff was not a "prevailing party" entitled to seek attorneys' fees if the defendant voluntarily changed its conduct, even if that change was 'brought about' by the pending lawsuit. *Buckhannon*, 532 U.S. at 600. A defendant's "voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change ... [o]ur precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties." *Id.* at 605. The Court noted that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604 (citation omitted). In *Needletrades*, the Second Circuit affirmed the result achieved in *Buckhannon* in the context of FOIA. *Needletrades*, 336 F.3d 200. *See also Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452 (D.C.Cir. 2002) (Applying *Buckhannon's* holding to a case brought under FOIA).

Thus, in the instant case, the Plaintiff is not a prevailing party because no judgement was entered that caused a material alteration in the legal relationship between the parties, as is required under *Buckhannon*. While the Plaintiff states that the settlement conferences and "Court granted relief" created a "judicially sanctioned change in the parties [sic] relationship," *Plaintiff's Memo. at 5*, any result achieved by the Plaintiff following the initiation of litigation came as a result of a voluntary decision by the Defendant. First, any documents released by the Defendant

---

433 n.7 (1983)).

following the settlement conferences the Defendant released of it's own accord and not as a result of a court-ordered consent decree. *See, e.g, Toms v. Taft*, 338 F.3d 519, 529 (6th Cir. 2003) (holding that a court-sponsored settlement conference was insufficient to make the plaintiff a prevailing party); *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 478-79 (7th Cir. 2003) (same). *See also Kassim v. City of Schenectady*, 415 F.3d 246 (2d Cir. 2005); *A.R. v. NYC Bd. of Educ.*, 407 F.3d 65 (2d Cir. 2005); *McCardle v. Haddad,* 131 F.3d 43 (2d Cir. 1997); *The Ass'n for Retarded Citizens of Conn. v. Comm'r*, 68 F. 3d 547 (2d Cir. 1995). Second, the Plaintiff's "Court granted relief" was actually a reference to a ruling that was squarely in favor of the Defendant, as it held that forty-seven of the fifty-three documents in question were privileged and properly withheld from the Plaintiff under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5). *See Tarullo v. Dep't of Defense, Docket No. 3:02CV644 (EBB), Judgment [Doc. #33] (June 22, 2006).* Even though the Plaintiff did receive six documents as a result of that ruling, it was not a judgment on the merits in favor of the Plaintiff because the Plaintiff had already received or had in his possession those particular documents. *Id.* In short, the Court's June 22, 2006, ruling did nothing to alter the legal relationship or obligation the Defendant owed the Plaintiff.

### *2. The Plaintiff is not entitled to Attorney's Fees Because he Failed to Attach Contemporaneous Time Records with his Motion.*

The Plaintiff is not entitled to Attorney's fees in this case because he has not filed the proper documentation of his time spent on the case. Under the Second Circuit "any attorney-whether a private practitioner or an employee of a nonprofit law office-who applies for court-ordered compensation . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the

nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Contemporaneous time records are important for a number of reasons. The court must have a basis for checking on the requested fee and determining whether the hours claimed were productively spent . . .Without access to daily time sheets or other documentation, this task becomes largely speculative." *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983). In this case, because the attorney for the Plaintiff has only filed a personal affidavit without any other supporting documents detailing his work on the case, he has failed to meet the standard under *Carey* and is therefore not entitled to an award of attorney's fees.

### *3. The Plaintiff is not Entitled to an Award of Attorney's Fees and Costs because He Fails to Satisfy the Entitlement Criteria.*

The DOD's lawful withholding of records counsels against an award of attorney's fees in this case. Even if a plaintiff is eligible for an attorney's fee award, a court must still exercise its discretion to determine whether plaintiff is entitled to an attorney fee award under four criteria: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding has a reasonable basis in law. *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992). Clearly the second prong of these criteria is not applicable in this case. As far as any public benefit or the nature of the Plaintiff's interest in the records sought, these interests are far outweighed by the reasonableness of the agency's withholding, which counsels against a fee award. Here the Court concluded that the agency's withholding was proper. *Tarullo v. Dep't of Defense*, Docket No. 3:02CV644 (EBB), Judgment [Doc. #33] (June 22, 2006). If an agency's position is correct as a matter of law, this factor should be dispositive with regard to an

award of attorney fees. *See Chesapeake Bay Found. v. U.S. Dep't of Agriculture*, 11 F.3d 211, 216 (D.C. Cir. 1993); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995).

### *4. Even if Plaintiff Meets the Prevailing Party Threshold under FOIA and the Privacy Act, under the Supreme Court's Proportionality Test, Plaintiff is only Entitled to a Fraction of the Amount he Claims*

Even assuming, *arguendo*, that the Court finds that the Plaintiff is entitled to an award of attorney's fees, the amount to which the Plaintiff's attorney is entitled is a small fraction of the amount quoted in his affidavit, or none at all. The relevant language in the Privacy Act and FOIA state that a prevailing party's attorney is only entitled to *"reasonable* attorney fees and other litigation costs reasonably incurred." 5 U.S.C. § 552(a)(4)(E); 5 U.S.C. § 552a(g)(2)(B) (emphasis added). As the Supreme Court stated in *Farrar v. Hobby*, "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" 506 U.S. 103, 114 (1992) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983))[3]. The Supreme Court in *Hensley* directed courts to thereby determine fee awards by "focus[ing] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation,"461 U.S. at 435. Several courts, in applying this proportionality test, have found that limited or nominal success on the part of a plaintiff should result in a proportionately small or non-existent fee award. *See Farrar,* 506 U.S. at 115 ("when a plaintiff recovers only nominal damages . . . the only reasonable fee is usually no fee at all."); *Green v. Torres*, 361 F.3d 96 (2d Cir. 2004) (affirming a reduction in fee award as a result of plaintiff's limited success);

---

[3] The DC Circuit has held that the *Hensley* standard regarding the amount of reasonable fee applies to all fee-shifting statutes, including mandatory ones. *George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1536 (D.C. Cir. 1992). *See also Doe v. Chao*, 435 F.3d 492, 507 (4th Cir. 2006)(Applying the *Hensley* standard in a FOIA context).

*Abrahamson v. Bd. of Educ.*, 374 F.3d 66, 79 (2d Cir. 2004) (authorizing a reduction in fee award because the plaintiffs had "achieved only partial or limited success."). The *Green* court, in affirming a reduction of lodestar by twenty percent, reiterated that "the degree of success obtained by the plaintiff is the most important factor in determining the appropriate fee award," and deferred to the district court's judgment in order "to allow the fee award to accurately reflect the partial success obtained by the plaintiff," *Green*, 361 F.3d at 99-100.

In the instant case, the only victory the Plaintiff can claim is the six documents the court ordered turned over on June 22, 2006. However, as noted above, the Plaintiff already had seen or had them in his possession before the court's ruling. *See Tarullo v. Dep't of Defense, Docket No. 3:02CV644 (EBB), Judgment [Doc. #33] (June 22, 2006).* Furthermore, the overall result of this ruling was the holding of the other forty-seven documents in question properly withheld from the Plaintiff under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5). *Id.* As the Plaintiff already had access to the few documents turned over to him, this kind of technical success can only be deemed nominal. Thus, under *Farrar*, a reasonable fee under the statute could be no fee at all. Even if the Court deems the Plaintiff's success more than merely nominal, the Plaintiff may claim at most $1,581.25, as the success he obtained from the court was a release of only eleven percent of the documents in question (6/53 = 11%; 1581.25 = 11% of 14,375; *see* Plaintiff's Motion for Attorney's Fees). In short, the Plaintiff is only entitled to at most a fraction of the fee award he claims.

### *5. Plaintiff has Failed to Establish that His Hourly Rate should be $250 per Hour*

Plaintiff has failed to sustain his burden of showing his "hourly rate" of $250 per hour is a reasonable rate under the circumstances. Plaintiff's attorney's self-serving unsubstantiated

statement in his affidavit does not fulfill his burden. Plaintiff's counsel has not indicated how long he been in the practice of law nor does he indicate any particular expertise in Privacy Act or FOIA litigation. In addition, Plaintiff's counsel has failed to show what the prevailing market rate is for an attorney with his experience and expertise . *Quaratino v. Tiffany and Co., 166 F.3d 422* (2d Cir. 1999); *Rabin v. Wilson-Coker*, 425 F. Supp 2d 269 (D. Ct. 2006)(Opinion per Chatigny, C.J.). Plaintiff's request for compensation at the rate of $250 is without merit and should be denied. Plaintiff's claims are not novel and the case, at best, only vindicated Plaintiff's individual rights and has no other particular precedential value or long range benefits justifying compensation at the rate of $250 per hour. See *Capozzi v. City of Albany*, 565 F. Supp. 771 (N.D.N.Y. 1983).

Similarly, Plaintiff is not entitled to the same rate of attorney compensation for each of the various tasks that he alleges to have performed. Hourly rates for attorney fees depends on different types of litigation tasks, for example, different rates can be awarded for court appearances and depositions, office time and travel time. *Paulino v. Upper West Side Parking*, 1999 WL 325363 (S.D.N.Y. 1999); *Capozzi v. City of Albany*, 565 F. Supp. 771 (N.D.N.Y. 1983). Here, Plaintiff asks for the same rate of compensation for a variety of tasks to be performed.

### III. Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's Motion for Attorney's Fees.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_/s/_

Alan Marc Soloway, AUSA
U.S. Attorneys Office-District of Connecticut
157 Church Street-23rd Floor
New Haven, Ct. 06510
(203) 821-3700 FAX: (203) 773-5373
Federal Bar No. ct01581
alan.soloway@usdoj.gov

Law Student Intern
Brianne Weiss

## CERTIFICATION OF SERVICE

I hereby certify that on the 24th day of July, 2006, I caused a copy of the enclosed Defendant's Reply to Plaintiff's Motion for Fees to be sent by first class mail, postage prepaid, to:

Samuel M. Rizzitelli, Jr., Esq.
26 Prindle Avenue
Derby, Ct. 06418

John Farenish, Esq.
Chief Counsel
Paul Mitchell, Esq.
Senior Assistant General Counsel
Defense Contract Audit Agency
8725 John Jay Kingman Road
Suite 2135
Ft. Belvoir, VA. 22060-6219

_/s/_
Alan Marc Soloway