```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT J. TARULLO            :
                              :
         v.                   :    NO. 3:02 CV 644(EBB)
                              :
UNITED STATES DEPARTMENT      :
OF DEFENSE                    :
```

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff in this action moves, pursuant to Rule 9(f) of the Local Rules of Civil Procedure, for attorney's fees and court costs, asserting that he is eligible for an award of fees and costs as a party who has "substantially prevailed" under the Privacy Act, 5 U.S.C. § 522a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522.

FACTUAL BACKGROUND

On or about September 22, 2001, Plaintiff, through counsel, sent a letter to Defendant Department of Defense requesting, under FOIA and the Privacy Act, copies of records maintained by Defendant containing information about Plaintiff. In a letter dated October 29, 2001, Defendant acknowledged receipt of the September 22, 2001 request and released sixty-nine pages responsive to plaintiff's request. (Mem. in Supp. of Attorney's Fees, Doc. 35, at 2.) In January 2002, Plaintiff's attorney appealed Defendant's October 29, 2001 response, requesting additional documents. (Id.) On March 1, 2002, Defendant denied plaintiff's appeal. (Id.)

On April 10, 2002, Plaintiff initiated this action seeking

declaratory, injunctive, and equitable relief for violation of the FOIA and Privacy Act. (Complaint, Doc. No. 1.)  Following the initiation of this action, between April and May 2002, Defendant produced some hundreds of additional documents. (Doc. 35, at 2-3.) On August 20, 2002 the Court ordered this action to a settlement conference in front of Magistrate Judge Margolis. (Id.) During these settlement discussions, between November 19, 2002 and September 22, 2004, Defendant produced some hundreds of additional documents. (Id.)  In August of 2004, Defendant submitted its Third Amended List of Privileged Documents and agreed to provide the privileged documents in camera to Magistrate Judge Margolis. (Def.s Reply to Pl.'s Mot. for Attorney's Fees, Doc. 37, at 2; Mem. of Settlement Conference, Doc. 16.)

On March 29, 2006, Defendant's Motion for Summary Judgment was granted in part and denied in part by this Court.  (Doc. 31.) Defendant's Motion was denied in so far as the Court found that Defendant had not satisfied its burden of proof that the 53 documents included in Defendant's Third Amended List of Privileged Documents fell within an exemption to FOIA. (Id. at 15-17.)  The Court ordered Defendant to produce the 53 documents for in camera review.  (Id. at 22.)  On June 22, 2006, after conducting an in camera review of the documents in question, the Court ruled that six of the 53 documents were not exempt from disclosure.  (Doc. 32 at 3-4.)  The court found that all six of these documents either

were prepared in anticipation of litigation or were work-product and thus fell within the ambit of FOIA Exemption 5, codified at 5 U.S.C. § 552(b)(5). (Id.) However, the Court ruled that these six documents were not privileged because Plaintiff had either received a copy of them already or the originals were in Plaintiff's possession. (Id. at 4.)

## LEGAL ANALYSIS

The Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case" under either FOIA or the Privacy Act "in which the complainant has substantially prevailed." 5 U.S.C. §§ 522(a)(4)(E) (2002), 522a(g)(2)(B) (2004). A party has "substantially prevailed" for the purposes of awarding attorney's fees only after it has benefitted from a "judicially sanctioned change in the legal relationship of the parties." Union of Needletrades, Indus. & Textile Employees v. INS, 336 F.3d 200, 207 (2d Cir. 2003) (citing Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 605 (2001)). A plaintiff who benefits from a defendant's voluntary settlement in the absence of any judicial action is not eligible as a "prevailing party" because "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" in the legal relationship between the parties. Buckhannon, 532 U.S. at 605; see

3

also <u>Needletrades</u>, 336 F.3d at 204-7 (holding that a plaintiff, who had received numerous documents responsive to its FOIA request only after the plaintiff had commenced an action in court, and had thus settled all of its substantive FOIA claims, was not a prevailing party within the meaning of the statute).

### A. DOCUMENTS PRODUCED AFTER THIS CASE INITIATED AND DURING THE COURT-ORDERED SETTLEMENT CONFERENCES

Plaintiff argues that he is eligible for attorney's fees as a prevailing party because Defendant, "[a]s a direct result of this action and the Court's orders," produced 138 additional documents that were responsive to his Privacy Act/FOIA request. (Doc 35 at 5.)  Here, Plaintiff seems to refer both to the documents produced in the months immediately after this case was filed and documents produced during the settlement conferences.  (<u>Id.</u>)

First, the documents that were produced by Defendant in April and May 2002, after the case was filed, but before the Court ordered a settlement conference, were produced as a result of Defendant's "voluntary change in conduct," and the production of these documents lacks the "judicial imprimatur" required by <u>Buckhannon</u>.  For Plaintiff to qualify as the prevailing party, it is not sufficient that the litigation he initiated may have been the "catalyst" for his having successfully obtained these documents through a private settlement with Defendant.  <u>Needletrades</u>, 200 F.3d at 202-7 (rejecting the so-called "catalyst" theory of prevailing party status).  Therefore, Plaintiff cannot successfully

4

argue that his success in obtaining these documents qualifies him as a prevailing party.

Second, with respect to the documents produced during the settlement conferences, Plaintiff argues that the Court's actions in ordering the settlement conferences created the requisite "judicially sanctioned change" in the legal relationship of the parties. (Doc. 35 at 5.) The Second Circuit in Needletrades, 200 F.3d at 206, stated that an FOIA complainant who has failed "to secure either a judgment on the merits or a court-ordered consent decree" is "ineligible for an award of attorney's fees." Plaintiff did not obtain these documents as the result of a judgment or a consent decree. Later cases have held that these two types of judicial action do not constitute an exclusive list of the types of judicial action sufficient to confer prevailing party status, but nonetheless a court may only award attorney's fees where there has been some kind of court action that "carries with it sufficient judicial imprimatur." Roberson v. Giuliani, 346 F.3d 76, 81-82 (2d Cir. 2003) (holding that a plaintiff may qualify as a prevailing party in a case where the district court retained jurisdiction over a settlement agreement and noting that the court's "retention of jurisdiction was not significantly different from a consent decree and entails a level of judicial sanction sufficient to support an award of attorney's fees"). In this case, the Court's role in the parties' settlement discussions was insufficient to create the

required judicially sanctioned change in the legal relationship between the parties.  During the court ordered settlement conferences, "no judicial oversight was involved in enforcing the settlement, and the district court did not issue an order altering the defendant's conduct."  See Toms v. Taft, 338 F.3d 519, 529 (6th Cir. 2003) (holding that a court ordered settlement conference does not support an award of attorney's fees).

Therefore, none of the hundreds of documents produced by Defendant between April 2002 and September 2004 were produced as a result of judicial intervention that caused "material alteration of the legal relationship of the parties." Buckhannon 532 U.S. at 604 (quoting Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792 (1989)).  Defendant produced these documents voluntarily, and, therefore, Plaintiff's success in obtaining the documents does not qualify him as a prevailing party.

B. DOCUMENTS PRODUCED AFTER THE COURT'S IN CAMERA REVIEW

Plaintiff also asserts that the Court's order that Defendant produce six of the 53 documents in Defendant's Third Amended List of Privileged Documents created the requisite judicially sanctioned change in the parties' legal relationship. (Doc. 35 at 5.)  The Court ordered the Defendant to produce these six documents only after the Court found that they were not privileged, and thus did not fall within FOIA Exemption 5, because Plaintiff had received a copy of them already or because the originals were in Plaintiff's

6

possession.  The Court's ruling for the Plaintiff on this narrow issue does not transform Plaintiff into a prevailing party for the purposes of awarding attorney's fees. "A typical formulation" of prevailing party status is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (<u>quoting</u> <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-79 (1st Cir. 1978)).  Furthermore, "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." <u>Farrar v. Hobby</u>, 506 U.S. 103, 111 (1992) (holding that a Plaintiff who was awarded nominal damages won only a "technical victory" and did not qualify as a prevailing party).  Because Plaintiff already had the six documents in his possession, he did not achieve any of the benefit he sought when the Court ruled that these documents were not privileged, nor did he "directly benefit" from the Court's ruling.  The narrow issue on which the Court denied in part Defendant's Motion for Summary Judgment did not give rise to a material alteration in the parties' legal relationship and Plaintiff, therefore, is not a prevailing party.

## CONCLUSION

Plaintiff is not a prevailing party within the meaning of the statute and is not eligible for an award of attorney's fees or

7

costs.  Plaintiff's Motion for Attorneys' Fees (Doc. No. 34) is DENIED.

                                              SO ORDERED

                                       /s/
                                       ELLEN BREE BURNS
                                       SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 18th day of September, 2007.